WILLIAM A. SMITH, Appellant, *vs.* ELLEN RICORDS, Administratrix of JAMES B. RICORDS, Respondent.

1. *Limitations, statute of—Trusts, express—Denial of trust.*—In express technical trusts, the statute of limitations does not begin to run, until the trust is denied by some open act of the trustee.

2. *Limitations, statute of—Trusts, implied—Right of action.*—In implied trusts, the statute of limitations begins to run as soon as the party has a right to commence a suit to declare and enforce the trust.

*Appeal from St. Louis Circuit Court.*

*C. C. Whittelsey,* for Appellant.

The statute of limitations does not run in favor of a trustee, until denial of trust or something done in breach thereof.

If an attorney procure a judgment in his own name and collect the money, there is a cause of action, and he may avail himself of the protection of the statute. (Johnson vs. Smith, 27 Mo., 591.) But until he collects the money there is no cause of action to be barred. If the attorney collect the money ten years after obtaining judgment, the action for account, or money had and received, then first accrues, and the statute then only commences running. (Rabsuhl vs. Lack, 35 Mo., 316; State vs. St. Gemme, 31 Mo., 230.)

*Cline, Jamison & Day,* for Respondent.

This is not a continuing trust, and is barred by the statute of limitations. (Gen. Stat., 1865, Chap. 191 §§ 9,10; Stafford vs. Richardson, 15 Wend., 302; Williams vs. Carpenter, 42 Mo., 327, and brief of Glover & Shepley therein. Campbell's Adm. vs. Boggs, 48 Penn. St., 524.)

ADAMS, Judge, delivered the opinion of the court.

This was an action in the nature of a bill in equity, to declare and enforce a trust in a judgment obtained by the defendant against one Francis Watkins, on the ground that the judgment obtained by the administratrix, was based upon a judgment obtained by the intestate, and that judgment was founded upon a note indorsed or assigned to the intestate for collection merely, and not for any consideration whatever. The note re-

ferred to was executed 7th August, 1854, and due from date for one thousand dollars. In 1855 the plaintiff removed to California, and before removing indorsed and delivered the note to the intestate for collection.

The indorsement on its face appeared to be for value received. The intestate brought suit in his own name on this note so indorsed to him, and recovered a judgment thereon January 6, 1857, for $1,145, and costs. The intestate died in 1863, and defendant became his administratrix, and, according to the statute, gave due notice of her letters of administration.

The judgment so recovered by the intestate was not inventoried by the administratrix. But in 1869, she as administratrix instituted suit on that judgment against Watkins, in the St. Louis Circuit Court, and on March 20, 1871, recovered a judgment thereon against Watkins for $2,131.11, and costs.

The plaintiff after his removal to California remained absent from the State from 1855, to March 1871. The defendant set up the statute of limitations of ten years, five years, and the limitation law of three years under the administration law of 1855.

Judgment at Special Term was rendered in favor of the defendant, which on appeal to General Term was affirmed, and the plaintiff has appealed to this Court. It is evident from this record, that the main point is, whether the plaintiff was barred by the statute of limitations. It may be conceded, that the facts of the case constituted the intestate a trustee of the original judgment recovered against Watkins. But this sort of trust is not an express or direct continuing trust, which exists as long as it is not denied, between trustee and *cestui que trust.* In an express technical trust the statute of limitations does not commence to run, till the trust is denied by some open act of the trustee. But in implied trusts, which grow out of the facts and circumstances of each case, the statute commences to run as soon as the party has a right to commence a suit to declare and enforce the trust. (See Keeton's heirs vs. Keeton's admr., 20 Mo., 530.) The case under review

is one of this character. It is an implied trust, which the plaintiff had the right to call on a Court of equity to declare and enforce as soon as the first judgment was rendered in 1857. The fact of his absence in California did not stop the running of the statute of limitations. As it has been more than ten years since this cause of action accrued, it is unnecessary to decide, whether five or ten years is the proper bar under the General Statute. Under the administration law of 1855, all demands against an estate are required to be exhibited within three years after the grant of letters of administration and after due notice given of such letters, saving to infants, persons of unsound mind or imprisoned, and married women, three years after the removal of their disabilities. (See 1 Revised Laws 1855, p. 152, § 2.)

This administration was taken out, and the letters published, more than three years before this suit was instituted; and therefore this demand was not only barred by the General statute, but by the administration law.

Let the Judgment be affirmed. Judge Wagner absent. The other Judges concur.