[No. 918.    August 28, 1902.]

## LINDAUER MERCANTILE COMPANY, Appellee, v. JOHN J. AND J. G. D. BOYD, Appellants.

### SYLLABUS.

1.  In order to make a plea of *res judicata* effective, there must be at least the concurrence of two things: First, identity of the subject-matter; second, identity of persons and parties.

2.  In order to come within the exception and to prevent the running of the statutes of limitation (section 2921) the defendant must be a resident of the Territory at the time the cause of action accrues and depart thereafter.

Appeal from the district court of Grant county, before FRANK W. PARKER, Associate Justice. Judgment for appellants.

FREEMAN & CAMERON for appellants.

The matter involved in this suit is *res judicata*.

The evidence to support both actions was the same; that being so the cause of action must be the same, notwithstanding the actions are grounded on different writs.

Marsh v. Pier, 26 Am. Dec. 138.

It is an established rule of law that when a fact has once been decided it shall not again be disputed between the same parties.

Betts v. Star, 13 Am. Dec. 98, citing Phillips on Evidence, 224; Swift on Evidence, 10; Peake on Evidence, 34.

And such decision may be pleaded as an estoppel.

> Estell v. Taul, 24 Am. Dec. 498; Cutler v.
> Cox, 18 Am. Dec. 157; Baker v. Cleveland, 19
> Mich. 235; Pierson v. Conley, 95 Mich. 619, 55
> N. W. 387; 1 Van Fleet, p. 90.

Though the form and cause of action be different, a decision by a court of competent jurisdiction of an essential fact or question in the one action, is conclusive between the parties in all subsequent actions.

> Forsyth v. City of Hammond, 166 U. S.
> 506; Cromwell v. County of Sac, 94 U. S. 351;
> Lumber Company v. Buchtel, 101 U. S. 638;
> Stout v. Lye, 103 U. S. 66; Nesbit v. Indepen-
> dence District, 144 U. S. 610; Railway Com-
> pany v. Wharton, 152 U. S. 252; Last Chance
> Mining Co. v. Tyler Mining Co., 157 U. S. 683.

A judgment between the same parties is conclusive against all defenses which might have been set up before it was rendered.

> Tucker v. Carr, 20 R. I. 477; 78 Am. St.
> 894; 2 Black on Judg., 754.

It is conclusive as to all questions within the issue whether litigated or not.

> Harmon v. The Auditor, 5 Am. St. Rep. 502;
> Beloit v. Morgan, 7 Wall. 622.

It is not essential that the matter should have been formally put in issue in a former suit, but is sufficient that the status of the suit was such that the parties might have the matter disposed of on its merits. An erroneous ruling of the court will not prevent the matter from being *res adjudicata.*

> Bodkin v. Arnold, 30 S. E. 156; Rogers v.
> Rogers, 16 S. E. 633; Banks v. Haynes, Ibid,
> 561; Slater v. Skirving, 70 N. W. 493, 51 Neb.
> 108; 66 Am. St. 444; Perry et al. v. King, 23 So.
> 783; Chamberlain v. Gillard, 26 Ala. 504; Hass
> v. Taylor, 2 So. 633; Denver City Irrigation

and Water Co. v. Middaugh, 21 Pac. 565; 1 Van Fleet Former Adjudication, 235; Brenner v. Meyer, 98 Pa. St. 274; Hess v. Hebble, 6 Serg. & R. 57; Freeman on Judgments, 271; Johnson Steel Street Ry. Co. v. Wharton, 152 U. S. 252; Dowell v. Applegate, 152 U. S. 345; O'Brien v. Manwaring, 78 Minn. 86, 81 N. W. 746; Freeman on Judg. (3 Ed.), sec. 272.

If a defendant having the means of defense in his power, neglects to use them, and suffers a judgment to be recovered against him by a competent tribunal, he is forever barred.

Chancellor Kent in Le Guen v. Gouverneur, 1 Am. Dec. 134.

It may be a great misfortune that the party was not prepared for trial.

Kilheffer v. Hall, 17 Am. Dec. 639.

That the evidence was insufficient to establish the claim, or that no evidence was offered or received by the court, is not a sufficient reply to the plea.

Ramsey v. Herndon, 1 McClain (U. S.) 450; 9 Enc. of Pl. and Pr., 629; Morgan et al. v. C. M. & St. P. R. R. (Wis.), 53 N. W. 741-3.

Nor is it competent to allege that the party was forced into trial before ready and did not have a full and fair trial.

Cook v. Carroll Land, etc., 6 Tex. Civ. App. 326; Morgan v. Plumb, 9 Wend. 233; Stern v. Washigton Nat. Bank, 1 Van Fleet 242, 45 Pac. 37.

It is the fact of the judgment, and not its correctness that constitutes the bar.

1 Van Fleet 130; Last Chance Mining Company v. Taylor, 157 U. S. 691; Gerardin v. Dean, 49 Tex. 243; Great Head v. Bromley, 7 Term. 456; Barret v. Fonling, 8 Oregon 152; Freeman on. Judgments (3 Ed.), sec. 275, 260; Parsons v. Riley, 10 S. E. 806; Brockway v. Kinney, 2 Johnson (N. Y.) 210; Busecker v. Flory, 34 Atl. 926.

If the party fail by mistake or neglect to prove his case, if he went to trial unprepared, or carelessly omitted necessary proof, he is nevertheless estopped.

Freeman on Judg., sec. 260, p. 291; Hughes v. U. S., 4 Wall. 232; Tose v. Truman, 10 Ohio St. 45; Birch v. Funk, 2 Metc. (Ky.) 544; Brackett v. Hoyt, 20 N. H. 257; Wilbur v. Gilmore, 21 Pick. 250; Kenan v. Miller, 2 Kelley (Ga.) 325; Rogers v. Higgins, 57 Ill. 244; Kwene v. Clark, 5 Rob. (N. Y.) 38.

A judgment dismissing a, suit because barred by the statute of limitations is a judgment on the merits, and may be pleaded in another state.

Weeks v. Harriman (N. Y.), 4 L. R. A. 744; Bran v. Wisconsin Rendering Company, 66 N. W. 196; Luco v. De Toro (Cal.), 34 Pac. 516.

In any event the plaintiff is barred by the statute of limitations. "If after a cause of action accrues, a defendant removes from the Territory, the time during which he shall be a non-resident of the Territory shall not be included in computing any of the periods of limitation under the statute." The removal must be after the cause of action accrues.

Meaning of term "remove"—

20 Am. and Eng. Ency. of Law, p. 1031; Stein v. Bates, 50 Pac. 325; Amy v. City of Watertown, 9 Sup. Ct. 537; Angel on Limitations, chap. 18; Wood on Limitations, sec. 58; Embry v. Jemison, 131 U. S. 336.

Statutes of limitation are statutes of repose and should be liberally construed.

> Clementson v. Williams, 8 Cranch 72; Pillows v. Roberts, 13 How. 472; Leffingwell v. Warren, 17 U. S. Sup. Ct. 263; 67 U. S. (2 Black) 599; 13 Am. and Eng. Ency. of Law (1 Ed.), p. 692.

S. M. ASHENFELTER for appellee.

The statute of limitation was never designed to operate, and does not operate in favor of any description of non-residents. Residence and residence alone will render available the defense of the statute.

> Bennet v. Cook, 43 N. Y. Ct. App. 537; 19 Am. and Eng. Ency. of Law (2 Ed.), 231 and 232; Jordan v. Secomb, 33 Minn. 220; Hall v. Little, 14 Mass. 203; Wilson v. Appleton, 17 Mass. 180; Hartley v. Crawford, 12 Neb. 471; Kemp v. Bader, 86 Tenn. 189;

> Also Way v. Colyer, 55 N. W. 744; Wetmore v. Marsh, 47 N. W. 1021; Wheeler v. Wheeler, 25 N. E. 588; Foster v. Trowbridge, 44 Minn. 290, 46 N. W. 350; Maloney v. Tilton, 51 N. Y. S. 569; Nat'l Bk. Oshkosh v. Davis, 75 N. W. 1005; Orr v. Walmarth, 95 Mo. 212; Ruggles v. Keeler, 3 Johnson's Rep. 261; Wood on Limitations, p. 23; 7 Wait on Actions and Defenses, p. 225.

"Removal from the state" and "leave the state" are synonymous.

> 18 Am. and Eng. Ency. of Law (2 Ed.), p. 702; 26 Am. and Eng. Ency. of Law (1 Ed.), p. 1032.

*Res Judicata*:—In order to make a matter *res judicata* there must be a concurrence of four things: (1) Identity in the thing sued for; (2) identity in the cause of action; (3) identity of parties to the action; (4) iden-

tity of the quality in the persons for and against whom the claim is made.

> 21 Am. and Eng. Ency. Law (1 Ed.), 204, notes 1, 206 and 207; Phillips v. Barrick, 16 Johns. 140; Badger v. Titcomb, 15 Peck. 409; Bendernagle v. Cooks, 19 Wend. 207; Gould v. Evansville R. R. Co., 91 U. S. 526.

The burden of proof is upon the defendant who pleads *res judicata* and this proof must be clear, certain and convincing.

> · 21 Am. and Eng. Ency. Law, 202 text and note; Lawrence v. Hunt, 10 Wend. 85; Foster v. The Richard Busteed, 100 Mass. 409.

### APPELLANT'S REPLY BRIEF.

If after a cause of action shall have accrued, a defendant depart from and reside out of the state, the time of his absence shall not be deemed or taken as a part of the time limited for the commencement of the action.

> 51 Mo. 121; Thomas v. Black, 22 Mo. 330; Scruggs v. Daugherty, 53 Mo. 497; Toll v. Carnahan, 83 Mo. 41; Mastin v. Tillottson, 33 Mo. App. 662; Fisk v. Clark, 55 Mo. 105; 1 Wood on Statute of Limitations, sec. 4; Garth v. Roberts, 20 Mo. 524; Cook's Executors v. Holmes, 29 Mo. 64.

### STATEMENT OF THE CASE.

This cause was commenced in the district court of Grant county, New Mexico, on the thirty-first day of May, 1898, and was an action by appellee against appellants upon a promissory note in writing, in words and figures as follows:

"$1,884.50.          Deming, New Mexico, May 4, 1891.

"One day after date, singly and separately, we promise to pay to the order of Lindauer, Wormser &

Company, the sum of one thousand eight hundred and eighty-four and 50-100 dollars, with interest at the rate of ten per cent per annum from date until paid, for value received. And in case that legal proceedings may be instituted for the collection of this note either in whole or in part, we promise to pay the additional sum of ten per cent on whatever amount may remain due and unpaid, and to pay attorney's fees in case of suit as aforesaid.

(Signed.)                          "JOHN J. BOYD,
                                   "J. G. D. BOYD."

which note was duly endorsed to Lindauer Mercantile Company. At the time of the execution of the note the makers were at Deming, New Mexico. Prior to, at the time of, and ever since the execution of the note, the makers of the same were and have been non-residents of New Mexico. To the cause of action there were interposed two defenses: res judicata and the statute of limitations. In support of defendants', appellants' plea of res judicata, appellants introduced the following part, of the record of the Court of Letters of the Bravos district, State of Chihuahua, Republic of Mexico.

"PETITION.

"To the Citizen Judge of the first Instance:

"Felipe Seijas, a lawyer of legal age and a resident citizen of the city of what is known as 'Juarez Ward' and attorney in fact for Mr. Sigismund Lindauer, and also of Messrs. Lindauer, Wormser & Co., as witnesses by the enclosed power of attorney in due form granted me, very respectfully represents: That on the first day of April, 1890, Mr. Sigismund Lindauer entered into a contract with Mr. John J. Boyd, which contract was legally made out at El Paso, Texas, before a notary public of said city by the name of A. J. Blackburn. And inasmuch as said contract had to be carried out in all its parts in this country, the same had to be filed and re-

corded in the notary's office in this city; and after com-
plying with the requirements of the law to that end,
your honor designated Notary Miguel Zubia to record
said contract, and the same is hereby enclosed, compris-
ing ten legal leaves of written matter.   By the terms of
this contract, Mr. Sigismund Lindauer aforesaid cove-
nants and agrees to guarantee the payment of Mr. Boyd's
debts; that is, to pay the debts owed by Mr. Boyd to his
divers creditors.   In order and for the better perform-
ance of this covenant, Mr. Lindauer was authorized to
dispose of as much as nine thousand (9,000) head of cat-
tle of the property of Mr. Boyd, who also authorized Mr.
Lindauer to sell the said cattle in whole or in part at
the highest possible price, until all his debts were paid
in full.   Mr. Lindauer meanwhile, being directly respon-
sible to Mr. Boyd's creditors and for debts of all kinds.
Furthermore, Mr. Boyd agreed to reimburse and pay
back to Mr. Sigismund Lindauer the several amounts of
money advanced to Mr. Boyd for maintaining and carry-
ing out his business; and in said contract Mr. Sigismund
Lindauer also agreed to pay to the firm of Lindauer,
Wormser & Co., of which he is a member, the debt owed
by Boyd to the said firm.   All these assumed debts
amount to ten thousand ($10,000) dollars in United
States gold coin, according to Mr. Boyd's own estimate
in the aforesaid contract of April 1, 1890, besides a bal-
ance of four thousand and five hundred ($4,500) dol-
lars due and unpaid, which my clients make it shown
in a liquidated account is not filed herein, because I
have asked for it at Deming, New Mexico, where it
originated, and has not reached me yet; and it will be
impossible for me to have it within the three days time al-
lowed me by law pending the precautionary proceedings
taken in regard to Mr. Boyd's property; but I assure
your honor that said liquidated account will be filed in
court just as soon as it reaches me.   My client has com-
plied with all the obligations imposed upon him by the
contract aforesaid; he paying, among other debts that

of Mr. S. H. Cavitt, whose legal representatives received in payment of said debt three thousand six hundred and fifty (3,650) head of cattle, the receipt of which will be filed in this case at some future time, not doing so at present because of the same reason already mentioned in regard to the liquidated account. Mr. Boyd on his part has not complied with the terms of the contract, inasmuch as he has not fully paid the amount due the firm of Lindauer, Wormser & Co., nor has he reimbursed or paid Mr. Sigismund Lindauer the expense he had to defray out of his pocket, incidental to the settlement of Mr. Boyd's business according to contract. The failure on the part of Mr. Boyd to comply with the terms of the aforesaid contract, compels me to bring him before the court, suing him for the sum of four thousand and five hundred ($4,500) dollars in United States gold coin, or its equivalent in Mexican money, as also for the interest accruing thereon, costs of suit and damages already suffered and to be suffered during the pendency of this suit, which is based on the following facts, viz.:

"First: Mr. John J. Boyd, entered into a contract with Mr. Sigismund Lindauer on April 1, 1890, which was acknowledged by A. J. Blackburn, a notary public of El Paso, Texas.

"Second: According to the afore-mentioned contract, Mr. Sigismund Lindauer guaranteed to pay all the debts of Mr. Boyd.

"Third: Mr. Boyd in compliance with said contract, must pay Mr. Sigismund Lindauer, and the firm of Lindauer, Wormser & Co., the amounts either in money or otherwise; paid by both the aforesaid parties to carry on Mr. Boyd's business, which makes a total debt of ten thousand ($10,000) dollars in United States gold coin, according to Mr. Boyd's own statement in the contract aforesaid.

"Fourth: Mr. Boyd, so far, has paid part of the ten thousand dollars referred to, but still owes a balance of

four thousand five hundred ($4,500) dollars in American money, which remains due and unpaid.

"Fifth: According to article 1392 of the Civil Code, 'A contract compels the parties so making it to comply with the conditions and terms entered into, and expressly specified therein, which in their nature conform with good faith, usage and the law.'

"Now, therefore, having already stated my reasons for this suit, and in conformity with article 471 of the Code of Civil Procedure, I hereby pray that you cite Mr. John J. Boyd to appear in your court in this civil suit and make him pay the aforesaid amount of money which he owes and the costs and damages of the suit as he is compelled to do, according to his contract of the first of April, 1890, referred to, and also for the interest of said debt. And in conformity with article 75, section 3 of the aforesaid Code of Civil Proceedings, I herewith enclose a copy of the document in which I base my suit, asking and praying your honor that inasmuch as Mr. Boyd resides in the hacienda of Carreta in the municipality of Janor, this district, you may set the time for the appearance of Mr. Boyd to answer this suit according to article 477 of the aforesaid code. And your petitioner will ever pray. C. Juarez, October 9, 1891.

(Signed.)               "FELIPE SIEJAS, Rubric.

"Felipe Siejas, lawyer of legal age, and attorney in fact of Mr. Sigismund Lindauer, and Lindauer, Wormser & Co., in the suit brought by them against Messrs. John J. Boyd and J. G. D. Boyd, most respectfully represent to your honor: That being within the probatory time, it is convenient to the interests of my client to have the papers herewith enclosed filed and of record in this case, which papers are hereby marked Nos. 1, 2, 3, and 4."

The paper here referred to as Exhibit No. 1, is the identical note sued on in this cause, and the appellants in this case were called upon by the plaintiff in said suit in the Republic of Mexico to prove the execution

of this note, which was endorsed in blank by the payees, Lindauer, Wormser & Co.

"Sixteenth. It appearing to the court that the ownership of the promissory note, signed J. J. Boyd and J. G. D. Boyd, has not been proven, because the same is simply endorsed in blank and the name of the payee not given, the person claiming ownership of said note (since the signature in said note was recognized by one of the parties signing, and no objection to its validity made by the defendant) has the right to collect the same (or enforce its collection), according to articles 497 and 549 of the Commercial Code.

"Seventeenth. It is evident beyond any reasonable doubt, that the defendant in this suit is not liable, because the plaintiffs have not made a case against him.

"Therefore in consideration of the above, the legal propositions referred herein, it is the order, judgment and decree of the court: First. Judgment is hereby rendered for John J. Boyd in the suit brought against him by lawyer Felipe Siegas, as the attorney in fact of Messrs. Lindauer, Wormser & Co., and Sigismund Lindauer on the ninth day of October, 1891, in which he sues for the payment of $4,500 in American money. Second. No judgment is hereby rendered against either party for costs. Third. The party or parties entitled to receive payment on the note signed at Deming, New Mexico, by J. J. Boyd, and J. G. D. Boyd, on the fourth day of May, 1891, are at liberty to do so."

It was admitted by the parties that said Court of Letters was a court of general jurisdiction, and that the Republic of Mexico gives full faith and credit to judgments rendered in courts of general jurisdiction in the United States.

The learned judge before whom this cause was tried, without the intervention of a jury, found for the appellee, and assessed its damage at $4,344.20, with interest on $3,949.20 from June 21, 1900, at 12 per cent per an-

num.  There was a prayer for an appeal, and an order allowing the same.

OPINION OF THE COURT.

BAKER, J.—There are two propositions presented in this case: First, is the action in the Court of Letters *res judicata?* and, second, was the cause of action *barred by the statute of limitations?*

To make a matter *res judicata* there must be a concurrence of the four conditions following, viz.: First, identity of the subject-matter; second, identity of cause of action; third, identity of persons and parties; and, fourth, identity in the quality of the persons for or against whom claim is made. 21 Am. & Eng. Ency. Law (1 Ed.), 227.  This seems to be so elementary that it does not require further citation.  However, notes to the citation are very full and clear.  It will be observed by a reading of the petition in the Court of Letters that that suit was upon a contract between Sigismund Lindauer and John J. Boyd, wherein the said Lindauer covenanted and agreed to pay the debts of Mr. Boyd; and the contract also authorized Mr. Lindauer to dispose of a large number of cattle, etc.  The petition being the only pleading brought to this court, we can only anticipate that there was a denial of the facts in the petition, or a confession of them.  The judgment by the Court of Letters, if there was a judgment, could be no broader than the issue presented by the pleadings.  It will be observed that the note in controversy in this case, was in no wise a part of the issue presented by the pleadings in the Court of Letters.  The plea of *res judicata* is not within the requirements to make the matter pleaded *res judicata.*

We are of the opinion that the records of the Court of Letters do not show a former adjudication of the subject-matter or of the parties, even if there had been a final judgment in the Court of Letters, which it is not

necessary for us to decide. The trial court committed no error in excluding the plea as *res judicata.*

Was the cause of action barred by the statute of limitations? The agreed facts are as follows: At the date of the execution of this note, and ever since, John J. Boyd has been a resident of the Republic of Mexico, and J. G. D. Boyd, a resident of the State of Texas; but these parties were in Deming, New Mexico, when this note was made. Our statute provides, section 2913, Civil Procedure, Compiled Laws of New Mexico, 1897: "The following suits or actions may be brought within the time hereinafter limited, respectively, after their causes accrue, *and not afterwards,* except when otherwise specially provided." Section 2915, provides, "Those (causes of action) founded upon any . . . promissory note . . . within six years." Were this all the statute law on the subject, it is obvious appellee's cause of action was barred, when action was commenced. It will be remembered that the note was dated May 4, 1891, due on the day after date, and this action commenced on May 31, 1898, more than six years having elapsed *after* the maturity of the note or the cause of action accrued. The appellee contends that by virtue of section 2921, Civil Procedure, Compiled Laws of New Mexico, 1897, and the facts in this case, this cause of action was taken out of the general statute of limitations. Section 2921, supra, reads as follows: *"If, after a cause of action accrues, a defendant removes from the Territory, the time during which he shall be a non-resident of the Territory shall not be included in computing any of the periods of limitation above provided."* To bring this cause within the exception, it must appear, first, that at the time the cause of action accrued, the appellants, were residents of this Territory; and, second, that thereafter they departed therefrom. Embrey v. Jemison, 131 U. S. 336. This was an action upon contract. The defendant pleaded the statutes of limitations, and other defenses, alleging that the cause of action did not accrue

within five years next before the commencement of suit, that being the time within which, by the general statutes of limitation of Virginia, actions of this kind must be brought. "To this plea the plaintiff replied specially that he ought not to be bound by anything therein alleged because when . . . the causes of action in the declaration mentioned accrued to him, 'the defendant had before resided in the State of Virginia, and by departing without the same, obstructed, etc. The defendant rejoined that the plaintiff ought not by reason of anything in the replication alleged, to have and maintain his action, because by his removal from the State of Virginia and departing without the same, as alleged, he did not obstruct the plaintiff in the prosecution of his suit upon the alleged causes of action in the declaration mentioned, because such removal occurred in the year 1859, a long time before any of the alleged causes of action existed or accrued; and that *when said causes of action accrued to the plaintiff,* the defendant was and still considers himself a citizen of the State of Louisiana. Upon plaintiff's motion, the rejoinder of the defendant was rejected upon the ground that the above section excepted from the general act of limitations a case in which the cause of action accrued against a person previously, no matter how long before, residing in Virginia, although he may have left the State before the contract sued upon was made, and therefore, *before any cause of action thereon accrued."* Mr. Justice Harlan, speaking for the court said: "We are of the opinion that the rejoinder to plaintiff's replication to the plea of limitations was improperly rejected. It shows upon its face that the defendant's removal from Virginia occurred nearly twenty years before the contract in question was made, and that when the plaintiff's *causes of action accrued, he was not a citizen or resident of Virginia,* but of Louisiana." The court further says: "The statute, so far as it relates to obstructions caused by the defendant having departed from the State, *means that, being a*

*resident of Virginia, when the cause of action accrues against him, and being then suable in that State, the defendant shall not in computing the time in which he must be sued, have the benefit of any absence caused by his departure after such right of action accrued, and before the expiration of the period limited for the bringing of suit. The plaintiff was at liberty to sue the defendant wherever he could find him.*" The statute of Virginia in force at the time the case of Embrey v. Jemison was brought, is as follows: "Where any such right as is mentioned in this chapter shall accrue against a person who had before resided in this State, if such person shall be departing without the same, or by absconding or by concealing himself or by any other indirect ways or means obstruct the prosecution of such right . . . the time that such obstruction may have continued shall not be computed as any part of the time within which the said right might or ought to have been prosecuted." The opinion of the Supreme Court in Embrey v. Jamison, supra, fixes the date of the accrual of the cause of action as the point of time when the defendant must be a resident of the State of Virginia to bring him within the exception. While the Virginia statute is not like the statute of New Mexico, yet the essential thing, as to the whereabouts of the defendant at the time the cause of action accrues, *is the same;* in other words, the defendant must be within the jurisdiction of the court and suable at and prior to the time of his departure in order to set the statute of limitations in motion, and if he were not within the jurisdiction of the court; that is, within the Territory, at the time the cause of action accrued, he was not within the exception; hence the application of the general statutes of limitation. The statute of West Virginia is identical with that of Virginia, and the court of West Virginia, in Walsh v. Schilling, 10 S. E. 54, sustains this position. In Orr v. Wilmarth, 95 Mo. 212, the court construed the following statute (section 3236, Mo.): "If at any time when any

cause of action hereafter specified accrues against any person who is a resident of this State, and he is absent therefrom, such action may be commenced within the times herein respectively limited after the return of such person into the State, and *if after such cause of action shall have accrued such person depart from and reside out of this State, the time of his absence shall not be deemed or taken as any part of the time limited for the commencement of such action."* Referring to the second clause of the section, the court said: "That clause . . . has no application to a case where the defendant was a *non-resident,* when the cause of action accrued." In Zoll v. Carnahan, 83 Mo. 42, the court said: "that to bring a case within this exception, the proof should show two facts: *First, that at the time the cause of action accrued, the debtor was a resident of this State, and, second, that thereafter he departed from and resided out of the State. This is clearly the meaning of the clause in question, for the whole section proceeds upon the hypothesis that the debtor was a resident of this State when the cause of action accrued."* Reading the last clause of section 3236 of the Missouri statute, and section 2921 of our statute, supra, it will be observed, that, as to the time that the defendant must be in the Territory or State and the departure therefrom in order to bring the case within the exception, they are identical in meaning. It would seem as though the Legislature which prepared the bill, of which section 2921, is a part, took it bodily from the last clause of section 3236 of the Missouri statute, clothing it in different words. Huff v. Crawford, 88 Tex. 368, 63 Am. St. Rep.; 19 Am. and Eng. Ency. of Law (2 Ed.) 229.

In Stern v. Bates, 9 N. M. 291, we are confronted with the following language: *"The phrases used in this section with respect to a defendant removing from the Territory, and excluding the time while he is a non-resident, are meaningless, and can not apply to foreign judgment debtors."* This language refers to section 2921,

supra. The case of Stern v. Bates, supra, was a suit upon a foreign judgment, and if the learned judge used the expression that the phrase referred to in section 2921 was meaningless as applicable to the facts in that case, we can pass the matter by; but, if the expression is intended to mean generally that "with respect to a defendant removing from the Territory and excluding the time while he is a non-resident, are meaningless," then we can not agree. There is no ambiguity in the language used in section 2921 of our statutes. The language is in common words, clear and explicit. Whether or not it is a just or wise law, it is not for us to say. It is not for the court to legislate, nor is it for the court to repeal legislative enactments. While the court has the physical power to annul legislative enactments, it has no legal or moral right so to do, and such assumption of authority is thoroughly obnoxious to our form of government, and ought never to be indulged in. We must overrule the case of Stern v. Bates, or Embrey v. Jemison, supra. It is better that we lay aside our pride and overrule our *own court*, rather than attack the highest tribunal in the land.

For the reasons given, the court is of the opinion that the said note sued upon was barred by the statutes of limitation when sued upon. It being agreed and stipulated by the parties that if the court should so hold, final judgment should be entered in this court; it is therefore ordered and adjudged by the court that judgment be entered in this court for appellant and for their costs.

Mills, C. J., McFie and McMillan, JJ., concur.