291 P.2d 1099

Jacob H. ZENGERLE et al., Appellees,

v.

The COMMONWEALTH INSURANCE COM-
PANY OF NEW YORK, a Corporation,
and Arthur H. Abernathy, Appellants.

No. 5949.

Supreme Court of New Mexico.

Dec. 16, 1955.

Rehearing Denied Jan. 19, 1956.

Simms & Modrall, George T. Harris, Jr., Daniel A. Sisk, Albuquerque, for appellants.

Merritt W. Oldaker, Roy F. Miller, Jr., Albuquerque, for appellees.

LUJAN, Justice.

This is an appeal from a summary judgment entered in favor of plaintiffs and defendants appeal.

The record discloses that on December 1, 1951, at about 9:30 p. m. a general merchandising store, located in San Antonio, Socorro County, New Mexico, and owned by the plaintiffs and appellees, was totally destroyed by fire; that at that time appellees carried two policies of fire insurance covering this building and the contents therein, one with the appellant, the Commonwealth Insurance Company of New York, and one with Hardware Mutual Fire Insurance Company. The liability of the Commonwealth Insurance Company of New York and Arthur H. Abernathy, its agent, is in litigation.

The plaintiffs in their complaint filed on November 26, 1952, alleged that the defendant, the Commonwealth Insurance Company, was a corporation organized and existing under and by virtue of the laws of New York and authorized to do business in New Mexico; that the defendant Arthur H. Abernathy is a licensed insurance agent under the laws of New Mexico; that on November 20, 1951, plaintiffs were the owners of the building and contents of a general merchandising store known as "Zengerle's" in San Antonio, Socorro County, New Mexico; that on or about aforesaid date Arthur H. Abernathy solicited fire and extended coverage insurance on said building and contents therein; that plaintiffs are informed and believe that Abernathy was at all times acting as agent of Cobb & Stebbins of Denver, Colorado, general agents in and for New Mexico of defendant insurance company, and as such agent was acting within the actual and apparent scope of his authority with respect thereto; that as a result of said solicitation an oral contract was entered into with Abernathy whereby he agreed to procure a policy of fire insurance effective December 1, 1951, in the principal amount of $12,000 on the building and $5,000 on the contents for fire and extended coverage; that the rate on the building was to be approximately $1.65 per hundred and the rate on the contents to be approximately $1.80 per hundred; that the premium was to be paid upon delivery of the policy; that there being no agreement between them as to the remaining contents of said policy,

it is presumed that the provisions of standard policy of fire insurance as set forth in Section 60–645 N.M.S.A., of 1941 Compilation, 1951 Supplement were intended by the parties; that plaintiffs are informed and believe that on or about aforesaid date Abernathy notified his principals Cobb & Stebbins, and defendant insurance company, by notice to the general agents that he had contracted as aforesaid, and requested a policy be issued upon the terms aforesaid; said policy to be forwarded to Abernathy for delivery to plaintiffs as soon as possible; that at or about 9:30 p. m., on or about December 1, 1951, said store building and contents therein were totally destroyed by fire, resulting in loss to plaintiffs in the sum of $17,551.28; that no notice of rejection or cancellation of the policy contracted for and no policy of fire insurance as contracted for has ever been delivered to plaintiffs by either Abernathy, Cobb & Stebbins or the insurance company, although demand has been made upon Abernathy, as an individual and local agent for Cobb & Stebbins, and the insurance company; that the plaintiffs at the time of the fire also carried additional insurance upon the premises with Hardware Dealers Mutual Insurance Company in the amount of $8,000 on the building and $8,000 on the contents; that under the policy contracted for, the defendant insurance company is liable for the sum of $9,217.51, which is the proportion of the total loss which the amount insured under the policy contracted for bears to the whole insurance covering the property against the peril herein involved, and demand has been made therefore upon defendant insurance company, Cobb & Stebbins and Arthur H. Abernathy; that all conditions precedent to recovery under the policy contracted for have been complied with or have occurred; that failure of defendant Abernathy to procure the policy of insurance contracted for constituted a breach of the oral contract; and the plaintiffs pray judgment, etc.

On January 20, 1953, the defendants answered, that the complaint fails to state a cause of action upon which relief can be granted; deny every material allegation in said complaint; and as a further separate and alternative defense allege that all arrangements between the plaintiff Jacob H. Zengerle and Arthur H. Abernathy and any agreement reached between them prior to December 1, 1951 pertaining to a contract of insurance was based upon a mutual mistake of fact, in that, all material times prior to December 1, 1951, the plaintiff Jacob H. Zengerle and the defendant Arthur H. Abernathy mutually believed the expiration date of the existing fire insurance coverage which the plaintiff had with the Hardware Dealers Mutual Fire Insurance Company was December 1, 1951, when in truth and fact the expiration date of said existing fire insurance policy was December 14, 1951, and that the agreement

if any, entered into between Jacob H. Zengerle and Arthur H. Abernathy pertaining to a contract of insurance was based upon such mistaken belief and mutual mistake of fact; and that, had the truth been known by either of said parties, such agreement between Jacob H. Zengerle and Arthur H. Abernathy would have become effective December 14, 1951; that by reason of the mutual mistake as aforesaid, the defendant Commonwealth Insurance Company of New York, a corporation, as the principal of Arthur H. Abernathy, is entitled to a reformation of any agreement or oral contract of insurance, should one be found to exist, in order to have such agreement conform to the true intention of the parties; that should the court find an oral contract of insurance, then the plaintiffs are not entitled to a recovery thereon, in that the plaintiffs have failed to comply with the provisions of the standard policy of fire insurance as set forth in the Statutes of New Mexico, and specifically in § 60–645, 1951 Supplement, to the New Mexico Statutes 1941 Annotated, in the following particulars, to wit: (a) Immediate written notice to the company of the loss was not given, as required by law. (b) Proof of loss signed and sworn to by the insured was not filed with the defendants or either of them within 60 days after the occurrence of the loss, and there has been no extension of time in writing, or otherwise, granted to the plaintiffs by the defendants or either of them.

On February 13, 1953, the defendant moved for a summary judgment on the grounds that the undisputed facts as disclosed by the pleadings and depositions on file show that there is no genuine issue as to any material fact, and that defendants are entitled to a judgment as a matter of law. On September 22, 1953, the plaintiffs filed a similar motion. On May 7, 1954, the plaintiffs filed their requested findings of fact and conclusions of law. On May 11, 1954, the court made and entered its findings of fact and conclusions of law. On December 14, 1954, the defendants filed their requested findings of fact and conclusions of law. On December 15, 1954, the court entered an order denying the findings of fact and conclusions of law requested by the respective parties which were inconsistent with those made by the court. On January 10, 1955, the court entered a judgment, based upon its findings of fact, denying defendants' motion for summary judgment and sustaining plaintiffs' similar motion. Defendants appeal.

Defendants assign two errors, as follows: (1) That the trial court erred in denying defendants' motion for summary judgment for the reason that the proof conclusively established that plaintiffs' proof of loss was filed more than 60 days after the occurrence

of the fire loss; and (2) the trial court erred in granting plaintiffs' motion for summary' judgment on the question of liability in that the pleadings and deposition testimony raised genuine issues of material fact which could not properly be resolved in the hearing of the motion for summary judgment.

Under their point one they argue their first claimed error and seriously contend that since the plaintiffs did not admittedly file proof of loss within sixty days of the fire that no issue of fact existed to be tried. The fire occurred on December 1, 1951, and proof of loss was not furnished the insurance company until April 1, 1952. This was, doubtless, too late, and would have been fatal to plaintiffs' right to recover, but plaintiffs claim that since neither the insurance company nor its agent ever delivered to them the policy contracted for, they were ignorant of the name of said insurance company until approximately April 1, 1952, at which time they did furnish proof of loss. These facts are material and present a genuine issue which should be submitted to a jury, if a jury trial is not waived. The court did not err in overruling defendants' motion.

Under their second point defendants strenuously argue that since the pleadings and deposition testimony raised genuine issues of material facts that the court could not resolve said issues in a hearing on motion for summary judgment. We agree with counsel. The defendants alleged as a separate and alternative defense that the oral contract between their agent Abernathy and plaintiff Jacob H. Zengerle for fire insurance and extended coverage was based upon a mutual mistake of fact, in that the effective date of coverage was to begin on December 14, 1951, and not on December 1, 1951, as alleged by plaintiffs. These facts are material and present a genuine issue. The deposition testimony was contradictory and it was not within the court's province to determine its truth or falsity, that being a function for the triers of the case on the merits.

A summary judgment can be granted only where the record shows there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The purpose of the summary judgment procedure is not to try an issue of fact but rather to determine whether there is an issue of fact. The method is necessarily inquisitorial. If there is a material issue of fact, it must be submitted to the jury, unless a jury trial is waived. The right of the moving party to a judgment should be free from doubt. Defendants declare under their point two that the record affirmatively shows the existence of genuine, controverted issues of fact, precluding the entry of a summary judgment, and we agree with counsel. Cf.

384

Agnew v. Libby, 53 N.M. 56, 201 P.2d 775; McLain v. Haley, 53 N.M. 327, 207 P.2d 1013; Michelson v. House, 54 N.M. 197, 218 P.2d 861; and Pouliot v. Box, 56 N.M. 566, 246 P.2d 1050.

■ Applying the rules of law above stated, it is clear that the trial court should have denied plaintiffs' motion for a summary judgment so that the issue raised between the parties hereto as to defendants' liability, if any, under their contractual undertaking might be tried upon its merits. The summary judgment statute is drastic and its purpose is not to substitute for existing methods in the trial of issues of fact.

In view of our disposition of the initial appeal, it becomes unnecessary for us to pass upon the cross appeal.

It follows that the judgment should be reversed, with costs to the plaintiffs, and the case remanded for trial on the merits.

It is so ordered.

COMPTON, C. J., and SADLER, Mc-GHEE and KIKER, JJ., concur.