433 P.2d 79

**EMPLOYERS' FIRE INSURANCE COMPANY, Plaintiff-Appellant,**

v.

**Virgil L. WELCH and Wade Fredrickson, Defendants-Appellees.**

**No. 8335.**

Supreme Court of New Mexico.

Oct. 30, 1967.

Girand, Cowan & Reese, Hobbs, for appellant.

Neal & Neal, Hobbs, for appellees.

## OPINION

CARMODY, Justice.

Following the granting of a summary judgment in favor of defendants, plaintiff has appealed.

In an earlier case, a suit was brought by a father for himself and as next friend for his son, alleging the negligence of the Hobbs Municipal School District No. 16 and the two defendants in this case, Welch and Fredrickson, employees of the school district. Immediately preceding trial of the original case, the defendants Welch and Fredrickson were dismissed without prejudice, subject to an agreement to the effect that the dismissal would in no way affect or prejudice the school district's rights of contribution and indemnity against the two defendants. The case went to trial before a jury, whose verdict resulted in a judgment of some $12,900 for plaintiffs, against the school district alone.

■ Plaintiff in this suit is the public liability insurer of the school district. It paid the judgment, received an assignment from the school district, and thereafter filed the present suit against Welch and Fredrickson, claiming indemnity and contribution. The complaint in this case alleged that the original judgment was obtained under the doctrine of respondeat superior because of the negligence of the defendants. Defendants denied this allegation. Thus it is obvious that an issue of fact is raised by the pleadings which would require the denial of the motion for summary judgment, unless the plaintiff is in some way legally precluded from proving the controverted issue.

It is urged by the defendants that the plaintiff cannot prove the allegations of the complaint because, in order to do so, the verdict in the prior case would have to be impeached. This contention is made on the basis that the jury, under the court's instructions, could have arrived at its verdict under any one of three theories, i.e., respondeat superior, concurrent negligence, or the sole negligence of the school district; yet only a general verdict was returned. Thus, argue the defendants, plaintiff cannot rely on the verdict to establish defendants' negligence on the theory of respondeat superior, because such a determination was entirely within the knowledge of the jurors in the prior case.

■ It must be conceded that under New Mexico law a tortfeasor's employer who has been held liable on the theory of respondeat superior may recover indemnification from the tortfeasor only where the employer's liability is based *solely* upon that doctrine and where there is no actual or active negligence on the part of the employer. Hancock v. Berger, 1967, 77 N.M. 321, 422 P.2d 359; Lommori v. Milner Hotels, 1957, 63 N.M. 342, 319 P.2d 949; Krametbauer v. McDonald, 1940, 44 N.M. 473, 104 P.2d 900. An assignee (such as the plaintiff here) of the employer's cause of action stands in the same position as the employer. See, Standard Insurance Co. of N. Y. v. Ashland Oil and Refining Co. (10th Cir. 1950), 186 F.2d 44; Old Colony Ins. Co. v. United States (6th Cir. 1948), 168 F.2d 931; compare Torres v. Gamble, 1966, 75 N.M. 741, 410 P.2d 959.

■ As a general rule, the rights of the parties, for the purposes of subsequent controversies between them, are not determined in the absence of adversity in the suit in which the original judgment is rendered. The rationale is that the rights and duties existing between the parties to the subsequent suit were not before the court in the original suit unless such adversity was established. Kinard v. Polk, 1963, 241 S.C. 555, 129 S.E.2d 527; Mickadeit v. Kansas Power & Light Co., 1953, 174 Kan. 484, 257 P.2d 156; Wiles v. Young, 1934, 167 Tenn. 224, 68 S.W.2d 114; Annot., 101 A.L.R. 104, supplemented in Annot., 142 A.L.R. 727; 50 C.J.S. Judgments § 819, p. 372; see, Hancock v. Berger, supra. The fact that the jury's ver-

dict may or may not have been based on respondeat superior does not preclude the indemnitee from prosecuting his claim. Restatement, Judgments, § 82, comment *b*.

 Although defendants maintain that our prior cases would require that we reach a different result, nevertheless they are not in point on the issue before us. McKinney v. Smith, 1958, 63 N.M. 477, 322 P.2d 110; Scofield v. J. W. Jones Construction Co., 1958, 64 N.M. 319, 328 P.2d 389; and Garcia v. Sanchez, 1961, 68 N.M. 394, 362 P.2d 779, all involved efforts to question or impeach a verdict by parties to the litigation and did not involve a situation such as we have here present, with different parties and a new and independent suit. We do not here have any problem relating to questioning or impeaching the jurors in the prior case, which, of course, cannot be done; there is merely the question of whether the plaintiff, with independent proof, should be allowed to submit his case as to negligence to the fact finder.

Defendants further contend that § 5–6–18, N.M.S.A.1953, permitting suits against a school district which has liability insurance, should give no right to the insured to seek indemnity. The argument is that to the extent of its insurance, the school district waived its governmental immunity; that prior to the enactment of this statute, the employee had no liability to the school district under the common law though he could be held liable for personal negligence; and that this is additional liability placed on the employee which comes into existence solely because of the insurance contract. Appellant, on the other hand, asserts that there is nothing in this act to indicate an intention to deprive the school board of its rights under law to cross claim or bring an independent action in indemnity.

 It cannot be denied that had suit been brought against the present defendants and they had been found negligent in their individual capacities, they would have had to respond in damages. Clark v. Ruidoso-Hondo Valley Hospital, 1963, 72 N.M. 9, 380 P.2d 168. This is not changed by the statute in question. Defendants cannot be heard to complain that an additional burden is placed on them when the net effect is simply to say that they must respond for their individual negligent act, if any. The change is merely one of form, affecting no substantive rights.

For the reasons stated, the summary judgment will be reversed with direction to set the same aside and proceed in a manner not inconsistent herewith. It is so ordered.

NOBLE and MOISE, JJ., concur.