458 P.2d 836

Larry D. CLARK and Mary Kathryn Clark, his wife, Plaintiffs-Appellants,

v.

FOREMOST INSURANCE CO., Defendant-Appellee.

No. 316.

Court of Appeals of New Mexico.

Sept. 5, 1969.

Michael L. Keleher, Keleher & McLeod, Albuquerque, for appellants.

Harold H. Parker, Menig & Sager, Albuquerque, for appellee.

## OPINION

OMAN, Judge.

This suit was brought by plaintiffs as owners of a damaged mobile home. They recovered judgment against defendant, Morgan Drive-Away, Inc., and no appeal has been taken therefrom. Judgment was entered in favor of defendant, Foremost Insurance Co., on plaintiffs' claim against it, and plaintiffs have taken this appeal from that judgment.

Morgan contracted with plaintiffs to haul the mobile home from Many Farms, Arizona, to Albuquerque, New Mexico. It was damaged during the hauling.

Foremost insured the mobile home against damage by collision and upset. The damage did not occur by reason of collision or upset, and was not, therefore, covered under the policy. However, at first it was apparently understood by plaintiffs and Foremost from a report they had received that the damage was caused in a collision or upset.

Plaintiffs' attorney and an independent adjuster employed by Foremost discussed by telephone the matter of settlement of the damages plaintiffs claimed to have sustained. The attorney testified he understood a settlement had been made. The adjuster testified they discussed the value of the trailer and the damage thereto, but they did not agree as to the extent of the damage. He also testified he told the attorney he had no authority to settle, and that he could only submit proposals or demands to Foremost.

Although plaintiffs rely upon four points for reversal, they all relate to the primary question of whether a settlement was entered into between plaintiffs' attorney and Foremost's adjuster. The trial court found there was no settlement agreement. The bases for the express findings in this regard, and plaintiffs' positions relative thereto, are as follows:

(1) Lack of consideration, since there was no coverage under Foremost's policy. Plaintiffs do not disagree as to the absence of coverage, but contend their forbearance to bring suit for the enforcement of their claimed legal right constituted consideration.

(2) Lack of actual, implied or apparent authority of the adjuster to bind Foremost to any agreement such as claimed by plaintiffs. Plaintiffs rely upon apparent authority of the adjuster to enter into the claimed settlement.

(3) Mutual mistake of fact in entering into any agreement which was made. The mutual mistake as found by the trial court was that both plaintiffs' attorney and the adjuster were acting under the mistaken belief that the mobile home was totally damaged. Plaintiffs' position is that a mutual mistake of fact is of no consequence if " * * * a claim is compromised and settled in good faith."

We need only decide whether the trial court's finding that there was no agreement is supported by substantial evidence in the record. If it is supported on any ground, we need go no further.

■ We are of the opinion that the evidence substantially supports the trial court's finding that there was no agreement because of lack of "authority, either actual, implied or apparent" on the part of the adjuster to settle on the basis of the claimed agreement.

Findings by the trial court supported by substantial evidence will not be disturbed on appeal. McNutt Oil & Refining Co. v. Mimbres Valley Bank, 174 F.2d 311 (10th Cir. 1949); Galvan v. Miller, 79 N.M. 540, 445 P.2d 961 (1968); Taylor v. McBee, 78 N.M. 503, 433 P.2d 88 (Ct.App.1967), cert. denied, N.M.S.Ct. No. 8545 (1967).

■ As above stated, the adjuster testified he told the attorney he had no authority to settle, and he could only submit proposals and demands to Foremost. Knowl-

edge by the attorney of these limitations on the adjuster's authority precluded any reliance by the attorney upon any claimed apparent authority. Slocum v. New York L. Ins. Co., 228 U.S. 364, 33 S.Ct. 523, 57 L.Ed. 879 (1913); McNutt Oil & Refining Co. v. Mimbres Valley Bank, supra; Shipley v. Ohio National Life Insurance Co., 199 F.Supp. 782 (W.D.Pa.1961); Lumbermens Mutual Casualty Company v. Jamieson, 447 P.2d 384 (Or.1968).

The trial court refused plaintiffs' requested Findings 8 and 9, which are as follows:

"8. That the plaintiffs' attorney settled the plaintiffs' claim for $3,200.00 with Bob White of the General Adjustment Bureau in a telephone conversation on September 20 or 21, 1967, and confirmed the settlement by letter dated September 21, 1967.

"9. That at the time of settlement Bob White was an agent of the defendant Foremost Insurance Company, acting with either actual or apparent authority to settle, compromise and adjust the claim of the plaintiffs."

As above shown, the trial court made an express finding contrary to plaintiffs' requested Finding No. 9. No express finding directly contrary to plaintiffs' requested Finding No. 8 was made by the trial court. However, as above stated, the trial court did make several findings, the effect of which was that there was no such agreement. In any event, the refusal of the trial court to make the requested finding amounted to a finding in this regard against plaintiffs, since the burden was on them to establish an agreement as claimed. Gallegos v. War, 78 N.M. 796, 438 P.2d 636 (1968); Hopkins v. Martinez, 73 N.M. 275, 387 P.2d 852 (1963); Herrera v. C & R Paving Company, 73 N.M. 237, 387 P.2d 339 (1963).

The judgment should be affirmed.

It is so ordered.

SPIESS, C. J., and HENDLEY, J., concur.