WANDA GRACE WILLIAMS, Administratrix of the Estate of LAWRENCE EUGENE WILLIAMS, Appellant, v. CITY OF NORTH LAS VEGAS, a Political Subdivision of the State of Nevada, Respondent.

No. 8303

October 23, 1975                    541 P.2d 652

[Rehearing denied November 6, 1975]

*Wiener, Goldwater, Galatz & Waldman,* of Las Vegas, for Appellant and Cross-respondent.

*Rose, Edwards & Hunt,* of Las Vegas, for Respondent and Cross-appellant.

## OPINION

*Per Curiam:*

Lawrence Eugene Williams was killed while working on a billboard in the City of North Las Vegas. He was electrocuted when a piece of metal with which he was working came into contact with a 12,000 volt power line located approximately five feet from the billboard. Appellant, as administratrix of her deceased husband's estate, initiated a wrongful death action against the City of North Las Vegas and Nevada Power Company. Nevada Power subsequently negotiated a settlement with appellant and was dismissed with prejudice. Although Nevada Power is not a party to this appeal it remains a party to the proceedings below as a third party complainant against respondent City of North Las Vegas.

This action was commenced in November 1970. In September of 1971, respondent moved for dismissal on the grounds that the city was immune from liability pursuant to NRS 41.032 and NRS 41.033. The motion was granted in November of 1973.

Notice of Appeal was first filed in December of 1974, shortly after appellant settled with Nevada Power and stipulated to its dismissal. That appeal and a subsequent appeal were dismissed for failure to comply with NRCP Rule 54(b). With reference to the dismissal in favor of the City of North Las Vegas, appellant had failed to obtain certification from the trial court that there was no just reason for delay in the entry of final judgment and a direction to that effect. In July of 1975 appellant filed a Rule 54(b) motion which was granted and this appeal followed.

For the purposes of this appeal, the facts are undisputed. It is apparently conceded by respondent that the proximity of the lethal power line to the billboard was in violation of city ordinances.

Two issues present themselves for determination on this appeal: The first is raised by appellant and questions the applicability of NRS 41.032 and NRS 41.033 to the facts of this case. The second issue is raised by respondent in its cross appeal and questions the propriety of the trial court's ruling granting appellant's Rule 54(b) motion. The issues will be discussed in reverse sequence.

1. Respondent directs our attention to the fact that over 18 months elapsed from the time its motion to dismiss was granted until appellant filed her Rule 54(b) motion. The city contends, in view of this lengthy period of time, that the granting of appellant's motion by the trial court was an abuse of discretion. We do not agree.

The rule set forth in Schaefer v. First National Bank of Lincolnwood, 465 F.2d 234 (7th Cir. 1972), is basically sound but will not be implemented by this court without certain embellishment. In the interest of preserving, when justice requires, a litigant's right to his "day in court," we would not set a specific period of time within which one must seek a Rule 54(b) order or lose his right to an interlocutory appeal. In most instances, no abuse of discretion will be attributed to the trial court in granting a Rule 54(b) motion so long as there is a substantial factual basis for granting the motion and no significant prejudice to adverse parties is shown.

Here, nearly five years have expired from the date this action was first commenced. Appellant was faced with the prospect of no trial under any circumstances unless the Rule 54(b) motion was granted. NRCP Rule 41(e). Thus, the factual basis for granting the motion was compelling. Furthermore, the delay in filing the motion by appellant resulted in no significant prejudice or inconvenience to respondent.

2. Appellant argues that under the present circumstances the doctrine of governmental immunity as it exists in Nevada (NRS 41.032 et seq.) should not be invoked to cloak the City of North Las Vegas with immunity from liability for the death of Lawrence Williams. We are constrained to concur.

In 1954, the city and Nevada Power entered into a franchise agreement the terms of which are embodied in City of North Las Vegas Ordinance 133. The agreement, still in force and effect, provides that the city shall inspect the Power Company

facilities within its jurisdiction. Ostensibly, such inspection is for no other purpose than to insure that the electrical facilities are in compliance with applicable safety ordinances and do not pose a hazard to life and property. In consideration for assuming this obligation to inspect, the Power Company agreed to remit to the city a specific percentage of gross revenue attributable to the citizens residing within its jurisdiction.

Without question, the franchise agreement imposed a duty to inspect on the city. Respondent contends that irrespective of this duty, NRS 41.032 and NRS 41.033 preclude the imposition of liability on the City of North Las Vegas.

Ordinance 133 was not within the contemplation of the legislature when it enacted NRS 41.032. Ordinance 133 is no less than the manifestation of a contract. This case is distinguished from cases where the ordinance involved is not the embodiment of a contract but is the original product of legislative fiat. Similarly, the city does not avoid liability by urging that the ordinance encompassed a discretionary function. True, whether to enter into the contract in the first instance was within the discretion of the city, but once the contractual relationship was established, the obligation to fulfill the terms of the contract became an operational function imposing upon the city the duty to exercise ordinary care and for the breach of which liability may be found. See Harrigan v. City of Reno, 86 Nev. 678, 475 P.2d 94 (1970); State v. Silva, 86 Nev. 911, 478 P.2d 591 (1970).

We recognize that NRS 41.033 protects a municipality from liability for injury caused by failure to inspect or negligent inspection "whether or not there is a duty to inspect." Logically construed, however, NRS 41.033 addresses itself only to duties arising under tort law and not contract law. Ridiculous results would be reached if NRS 41.033 was construed to absolve municipalities from liability incurred as a consequence of breach of contractual duties. Under the general rule, assuming the doctrine of governmental immunity would otherwise apply, a municipality is not afforded protection from liability for the breach of a contractual obligation even though it might be afforded such protection had the same duty arisen under principles of tort law. Souza & McCue Construction Co. v. Superior Court of San Benito County, 370 P.2d 338 (Cal. 1962); Ace Flying Service, Inc. v. Colorado Dept. of Agriculture, 314 P.2d 278 (Colo. 1957); Grant Construction Co. v. Burns, 443 P.2d 1005 (Idaho 1968); Carr v. State ex rel. Coetlosquet, 26 N.E. 778 (Ind. 1891).

With the enactment of NRS 41.032 and NRS 41.033 in 1965, the legislature surely did not intend to alter the contractual relationship between Nevada Power and the City of North Las Vegas which had existed by virtue of the franchise agreement since 1954. Similarly, the statutes were not intended to cloak the city with immunity from liability for misfeasance or nonfeasance of contractual obligations it had already assumed.

The only remaining question is whether the duty imposed on the city extended to appellant's decedent. In this respect, the law has long recognized that an individual, although unnamed in a contract or a stranger to both parties thereto, may bring suit where a breach of the contract has caused him injury. Anderson v. Rexroad, 266 P.2d 320 (Kan. 1954); Hemphill v. Hanson, 77 Nev. 432, 366 P.2d 92 (1961). Even where, as here, the contract is between a municipality and another party for the benefit of the general public the courts have not hesitated to permit a member of the public to bring suit for breach thereof. Bush v. Upper Valley Telecable Co., 524 P.2d 1055 (Idaho 1973); People ex rel. Jackson v. Suburban R. Co., 53 N.E. 349 (Ill. 1899); Phinney v. Boston Elevated Ry. Co., 87 N.E. 490 (Mass. 1909).

It safely can be said that Lawrence Williams or his survivors were intended beneficiaries of the City of North Las Vegas-Nevada Power franchise agreement. The obvious intention of the city at the time it entered into the franchise agreement was to protect the public from the hazards of imprudent installation or maintenance of electrical facilities within its jurisdiction.

For the foregoing reasons, the judgment of the trial court is reversed and the case is remanded for a trial on the merits.