EDWARD FISCHMANN AND LUCILLE FISCHMANN, APPELLANTS, v. CITY OF HENDERSON, A MUNICIPAL CORPORATION, RESPONDENT.

No. 8433

December 6, 1976          556 P.2d 923

*Monte J. Morris,* of Henderson, for Appellants.

*Cromer, Barker & Michaelson,* and *James R. Olson,* of Las Vegas, for Respondent.

---

[1] Present counsel did not represent the appellant, Auto Fair, Inc., in the court below.

## OPINION

*Per Curiam:*

The complaint in this action alleged negligence by the City of Henderson in the maintenance and operation of its sewer system. From the granting of the City's motion for summary judgment, plaintiffs appeal.

The question is whether NRS 41.031, which generally abrogates governmental immunity, does except therefrom the right to bring suit against a political subdivision of Nevada in such a case.

There is no genuine issue of material fact. Flooding occurred in the appellants' home on September 14, 1974. After being informed of this, the Sewer and Water Department of the City of Henderson checked the sewer lines servicing the appellants' home and found that the lines were functioning properly and without obstruction. Nevertheless, the Fischmanns brought this action claiming negligence on the part of the City in the maintenance and operation of the sewer system.

In 1965 the State of Nevada waived its immunity from suit and liability by enacting NRS 41.031 subject, however, to various exceptions. One of those exceptions, NRS 41.033, continues this immunity from any suit or action if it is based on the failure to inspect or discover any hazard or deficiency whether or not there exists a duty to inspect.[1]

---

[1]NRS 41.031: Waiver by state, its agencies and political subdivisions of immunity from liability and action; actions; State of Nevada as defendant, service of process. The State of Nevada hereby waives its immunity from liability and action and hereby consents to have its liability determined in accordance with the same rules of law as are applied to civil actions against individuals and corporations, except as otherwise provided in NRS 41.032 to 41.038, inclusive, provided the claimant complies with the limitations of NRS 41.032 to 41.036, inclusive, or the limitations of NRS 41.010. The State of Nevada further waives the immunity from liability and action of all political subdivisions of the state, and their liability shall be determined in the same manner, except as otherwise provided in NRS 41.032 to 41.038, inclusive,

NRS 41.033 was intended to apply to the situation presented here. It appears clear to this court that the legislative intent was that political subdivisions are not to be held liable to lawsuit for failure to inspect sewer systems in order to discover obstructions or other malfunctionings and deficiencies. Cf. Williams v. City of North Las Vegas, 91 Nev. 622, 541 P.2d 652 (1975). We uphold the granting of the summary judgment in favor of the City.

Affirmed.

---

provided the claimant complies with the limitations of NRS 41.032 to 41.036, inclusive. . . .

NRS 41.033: Conditions and limitations on actions: Failure to inspect, discover. No action may be brought under NRS 41.031 or against the employee which is based upon:

1. Failure to inspect any building, structure or vehicle, or to inspect the construction of any street, public highway or other public work to determine any hazards, deficiencies or other matters, whether or not there is a duty to inspect;

2. Failure to discover such hazard, deficiency or other matter whether or not an inspection is made.