559 P.2d 425

**Eva WITHROW, Plaintiff-Appellant,**

v.

**M. C. WOOZENCRAFT, d/b/a Town House Motel, Defendant-Appellee.**

No. 2589.

Court of Appeals of New Mexico.

Dec. 21, 1976.

Certiorari Denied Jan. 25, 1977.

Sumner Buell, Jasper & Buell, Santa Fe, for plaintiff-appellant.

J. Duke Thornton, K. Gill Shaffer, Shaffer, Butt, Jones & Thornton, Albuquerque, for defendant-appellee.

OPINION

LOPEZ, Judge.

The plaintiff filed suit for personal injuries which resulted when she slipped and

fell on defendant's premises. Summary judgment was entered in favor of the defendant. Plaintiff appeals. We reverse.

The issues presented are: (1) whether there are genuine issues of fact regarding the defendant's negligence; and (2) whether there are genuine issues of fact regarding the plaintiff's contributory negligence.

The plaintiff, accompanied by a companion, checked into the defendant's motel in Las Vegas, New Mexico, about 6:00 p. m. on July 30, 1976. Before going to the room, which happened to be number 16, the plaintiff advised an employee of the defendant that she and her companion would be departing at 5:00 a. m. the following day. The area in front of the room consisted of a concrete porch about eight feet wide and about three inches high. At a point slightly to the left of the door of the room was a concrete pad which extended from the porch into the parking lot. This concrete pad was about five feet wide and extended into the parking area about three feet.

On the following day, July 31, the plaintiff arose early and at 5:00 a. m. she was ready to load her car. It was still dark outside. The plaintiff and her companion tried to turn on the porch light which was adjacent to the motel room door. The light would not turn on because it was connected to a master timer switch that had been shut off at 4:30 a. m. The other lights in the motel parking lot were also on a master timer switch and had been turned off. Because it was too dark for the plaintiff to see outside, she opened the door of the room to allow the inside light to shine onto the porch. She picked up some luggage, went beyond the porch and onto the pad. As she reached the edge of the pad, unaware that it ended, she missed her footing, fell, and was injured.

*Negligence of the Defendant*

First, we must find whether the defendant owed a duty of care to the plaintiff. In *Proctor v. Waxler,* 84 N.M. 361, 503 P.2d 644 (1972), the Supreme Court of New Mexico considered the Restatement (Second) of Torts as persuasive authority entitled to

great weight. It should be applied on a case by case basis. Paragraph 343 of the Restatement of Torts reads as follows:

"Dangerous Conditions Known to or Discoverable by Possessor.

"A possessor of land is subject to liability for physical harm caused to his invitee by a condition of the land if, but only if, he (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and (c) fails to exercise reasonable care to protect them against the danger."

The evidence shows that the lights were turned off at 4:30 a. m. The defendant should have known that it was still dark outside, that the cement pad which extended from the sidewalk would not be easily seen by plaintiff and would create a dangerous condition. Defendant could easily have had better lighting until people who left early in the morning had enough daylight to see their way out of the parking lot.

The deposition of the defendant shows the following testimony:

"Q. . . . Any other person ever tripped or fallen?

"A. No, we've never had—oh, we've had some people fall, yes. This happens. I do it myself. I'll start to step off there sometimes and hang my foot. It's not because of the hazardous condition, it's just carelessness on my part.

"Q. Has anyone else ever fallen besides you?

"A. Yes, occasionally. I remember one gentleman that fell out there because he was visiting with another person and just walked off without looking, which he didn't competely [sic] fall, didn't hurt himself. He just, you know, just went down.

"Q. Okay. Who else, who else besides the older gentleman do you recall?

"A. We had a lady, that she was in room seventeen, approximately a year ago—give me some leeway on this.

"Q. Sure, sure.

"A. She fell in approximately the same general area, and she broke her hip.

"Q. Uh-huh.

"A. But it wasn't because she stepped off the walk or anything. She just fell.

"Q. Uh-huh.

"A. No reason for it. She wasn't—complained about it. We took her to the hospital. They X-rayed her. They brought her here to Santa Fe and she was in the hospital here for several days; matter of fact is they kept her here until she was well enough to go home. But it wasn't anything, she said, except that she just fell."

This testimony raises the issue of whether the dangerous condition was known to or discoverable by the defendant. Whether there is a breach of the duty to exercise reasonable care to protect invitees against danger is also an issue.

■ This case is here on summary judgment. We are guided by certain cardinal rules which are enumerated in *First National Bank v. Nor-Am Agricultural Products, Inc.*, 88 N.M. 74, 537 P.2d 682 (Ct.App.1975). *Nor-Am* stated five points applicable to summary judgment: (1) it is not to decide an issue of fact but rather to determine whether one exists; (2) it can be granted only where the record shows there is no genuine issue as to any material fact; (3) the party opposing the motion must be given the benefit of all reasonable doubts in determining whether an issue of fact exists; (4) it can be granted only where the moving party is entitled to judgment as a matter of law upon clear and undisputed facts; and (5) it must not be used as a substitute for trial.

■ Based upon the evidence and the law on summary judgment, we hold that in this case there are issues of fact regarding the negligence of the defendant. *Proctor v. Waxler*, supra; *Snodgrass v. Turner-Tourist Hotels*, 45 N.M. 50, 109 P.2d 775 (1941).

*Contributory Negligence of the Plaintiff*

■ The defendant argues that the plaintiff was contributorily negligent as a matter of law. This argument is based on a theory of stepping into the dark with knowledge of a dangerous condition. We do not believe that the facts in this case justify the applicability of the "step into the dark" cases. *Boyce v. Brewington*, 49 N.M. 107, 158 P.2d 124 (1945).

The instant case is analogous to *Mozert v. Noeding*, 76 N.M. 396, 415 P.2d 364 (1966), which distinguished the *Boyce* case. The plaintiff did not step blindly into the dark. When she opened the door to her motel room she noticed the darkness. When she discovered that the light outside the motel room would not turn on, she went inside and left the door open. She tried to allow enough light from her room to help her see outside. She proceeded cautiously, doing all she could to get light. See *Brown v. Hall*, 80 N.M. 556, 458 P.2d 808 (Ct.App. 1969).

■ It cannot be said that all reasonable persons would say that the plaintiff was contributorily negligent. Therefore, this is not a case where contributory negligence can be found as a matter of law. The facts create an issue of contributory negligence; this is for the jury, not the court, to resolve. *Anderson v. Welsh*, 86 N.M. 767, 527 P.2d 1079 (Ct.App.1974); *Proctor v. Waxler*, supra; *Snodgrass v. Turner-Tourist Hotels*, supra.

The judgment of the trial court is reversed and the case is remanded for proceedings consistent with this opinion.

IT IS SO ORDERED.

SUTIN and HERNANDEZ, JJ., concur.