573 P.2d 680

Joe C. PHILLIPS and Wyama M. Phillips, his wife, Plaintiffs-Appellants,

v.

UNITED SERVICE AUTOMOBILE ASSOCIATION, Michael Devlin, Jr., and T–B–L Adjusters, a partnership, Defendants-Appellees.

No. 2959.

Court of Appeals of New Mexico.

Dec. 6, 1977.

Neil E. Weinbrenner, Bivins, Weinbrenner & Regan, P. A., Las Cruces, Malcolm McGregor, El Paso, Tex., for plaintiffs-appellants.

Edward E. Triviz, Las Cruces, for defendants-appellees.

## OPINION

LOPEZ, Judge.

The plaintiffs filed suit against defendant, United Service Automobile Association (hereinafter United), for breach of contract. Summary judgment was granted in favor of the defendant. Plaintiffs appeal. We reverse.

The plaintiffs' sole point for reversal is that the trial court erred in granting summary judgment, inasmuch as there are genuine issues of material fact to be decided. Defendant United contends that the suit is barred by res judicata, collateral estoppel, merger and satisfaction or election of remedies, or in the alternative that defendant is entitled to the summary judgment as a matter of law.

In order to understand this opinion fully, a brief historical background of this case is necessary.

Plaintiffs' dilemma started on June 9, 1971, when Steven Smith, a seven year old neighbor, set fire to the plaintiffs' chicken coop, causing damage to their pens, medicines, feeds, equipment and livestock.

Steven Smith's parents had at the time a homeowners insurance policy issued by the defendant, United, which plaintiffs believed would cover all the damages.

Immediately after the fire occurred, negotiations for settlement commenced with the defendant through its agent T–B–L Adjusters and Mike Devlin. Plaintiffs alleged that the actual damage to their property was $25,812.59; that Mr. Devlin arranged for an estimate to be submitted by G.P.A. General Contractor, Inc. for a total of $20,162.46; and further that Mr. Devlin agreed that United would pay a total settlement of the cost of repair and construction of their destroyed property if they agreed to reduce their claim for destroyed livestock by $6,160.00.

When the contractor finished work on the plaintiffs' property, he demanded payment from the plaintiffs. The defendant refused to pay the settlement which plaintiffs believed the defendant had agreed to pay. Materialmen's liens were subsequently filed by the contractor because of plaintiffs' inability to pay. Upon this refusal by the defendant to pay the settlement, the plaintiffs filed suit in Dona Ana County. Suit was filed originally against Steven Smith for $25,812.59 for the fire loss on the theory of negligence. By amendment, the plaintiffs joined defendant and its agents, Mike Devlin and T–B–L Adjusters, claiming breach of contract.

The trial court justifiably severed the claims in the first case against Steven Smith from the claim against the insurance company to avoid alerting the jury to the fact of insurance, thereby prejudicing the jury award for the young boy's negligence. The jury awarded the plaintiffs $3,000.00. The verdict and the judgment entered accordingly was appealed to this Court and affirmed. See *Phillips v. Smith*, 87 N.M. 19,

528 P.2d 663 (Ct.App.1974), cert. denied, 87 N.M. 5, 528 P.2d 649 (1974). This appeal concerns the severed claim against the insurance company based on an entirely different cause of action, breach of contract.

During August, 1975, the defendant filed a motion to dismiss or in the alternative a motion for summary judgment on the basis that plaintiffs' claim against the defendant, United, was barred by collateral estoppel or res judicata because of the trial and judgment against Steven Smith.

The trial court granted summary judgment in favor of the defendant on July 12, 1976. Following an appeal by plaintiffs to this Court which was dismissed because of lack of a "final" order, the summary judgment was amended by the trial court to include the requisite language required for a final judgment under Rule 54(b) of the New Mexico Rules of Civil Procedure, [§ 21–1–1(54)(b), N.M.S.A.1953 (Repl. Vol. 4, Supp.1975)]. Such amended summary judgment was entered by the trial court on May 14, 1977. Thus, this appeal arose.

(1) *Plaintiffs' present action is not barred.*

Defendant United argues that the judgment against Steven Smith constitutes a bar against plaintiffs' present action. The issue in the case against Steven Smith was based on negligence. The issue in the case at bar is based on misrepresentation of facts and breach of contract by the defendant acting through its agents, T–B–L Adjusters and Mike Devlin.

■ The law of res judicata and collateral estoppel is well established in New Mexico.

"To make a matter *res judicata* there must be a concurrence of the four conditions following, viz: First, identity of the subject-matter; second, identity of cause of action; third, identity of persons and parties; and, fourth, identity in the quality of the persons for or against whom claim is made."

*Lindauer Mercantile Co. v. Boyd,* 11 N.M. 464, 475, 70 P. 568, 570 (1902).

■ To constitute a bar under the doctrine of res judicata, the action in which judgment was entered and in which it is asserted as a bar must have been between the same parties or their privies and the cause of action must have been the same. *Harris v. Quinones,* 507 F.2d 533 (10th Cir. 1974); *Glass v. United States Rubber Company,* 382 F.2d 378 (10th Cir. 1967); *Buhler v. Marrujo,* 86 N.M. 399, 524 P.2d 1015 (Ct.App.1974); *Miller v. Miller,* 83 N.M. 230, 490 P.2d 672 (1971); *Employers' Fire Insurance Company v. Welch,* 78 N.M. 494, 433 P.2d 79 (1967); *State v. Nance,* 77 N.M. 39, 419 P.2d 242 (1966) cert. denied, 386 U.S. 1039, 87 S.Ct. 1495, 18 L.Ed.2d 605 (1966). It is clear in the instant case that the concurrent conditions for res judicata have not been met. Neither the parties nor the cause of action are the same. The mere fact that the defendant was originally joined in the complaint with Steven Smith as a party defendant is not sufficient to make it a privy of Steven Smith.

A review of the pleadings and judgments entered in the two cases discloses no identity of subject matter, no identity of cause of action, and no identity of persons and parties. Plaintiffs here are merely pursuing the course opened to them by the original severance by the trial court. To penalize them for so doing would be to expand the doctrine of res judicata into outer space.

■ Defendant also raises the defense of collateral estoppel. Collateral estoppel means that when an issue of ultimate fact has been decided by a valid judgment, that issue cannot be litigated again between the same parties. *State v. Rogers,* 90 N.M. 604, 566 P.2d 1142 (1977). This case does not involve a second action between the same parties based on different grounds. The first action, based upon negligence, was between the plaintiffs and a small boy. This case, based upon breach of contract, is between plaintiffs and an insurance company. Plaintiffs have in no way had a full and fair opportunity for judicial resolution of the issues presented in this case. *Brown v. De Layo,* 498 F.2d 1173 (10th Cir. 1974). Defendant's claim that this issue has been

actually litigated and determined in the original action flies in the face of what the lower court intended by severing the two causes of action. Collateral estoppel does not apply.

▮ The defendant further argues satisfaction of judgment, merger and election of remedies. As to satisfaction of judgment and merger, these points are without merit. No copy of any satisfaction of judgment or a copy of any release is on record. It was incumbent upon the defendant to enter these documents into the present record for our review, if any such documents exist. Failure to do so precludes any review of these issues by this Court.

▮ Defendant's further defense of election of remedies is equally inapplicable. The doctrine of election of remedies is a rule of procedure or judicial administration. *Buhler v. Marrujo,* supra. It is not a defense, especially in light of the fact that plaintiffs did not fail to join the defendant; rather the lower court severed the claim against defendant from the claims against Steven Smith.

▮ The plaintiffs appeal the final amended order granting summary judgment to the defendant. Defendant objects to this amended summary judgment for the first time in his brief. Defendant failed to object earlier to the amended final judgment granting summary judgment and he filed no appeal from it. As this issue is raised for the first time on appeal, this Court cannot consider it. Rule 11, Rules Governing Appeals, § 21–12–11, N.M.S.A. 1953 (Supp.1975). See *Wiseman v. Arrow Freightways, Inc.,* 89 N.M. 392, 552 P.2d 1240 (Ct.App.1976); *Yrisarri v. Wallis,* 76 N.M. 776, 418 P.2d 852 (1966).

(2) *The trial court erred in granting summary judgment.*

The issue ultimately in dispute in this case is whether the defendant, acting through its agents, T–B–L Adjusters and Mr. Devlin, entered into an enforceable agreement to pay the plaintiffs $20,162.46 as a settlement of their claim for the loss of

their properties. The trial court granted the defendant's motion for summary judgment.

▮ Summary judgment is such a drastic remedy that it is to be used with great caution. *Zengerle v. Commonwealth Insurance Co. of N. Y.,* 60 N.M. 379, 291 P.2d 1099 (1955). The standard to be applied in determining whether a motion for summary judgment should be granted is well established in New Mexico. *Goodman v. Brock,* 83 N.M. 789, 498 P.2d 676 (1972); *Institute for Essential Housing, Inc. v. Keith,* 76 N.M. 492, 416 P.2d 157 (1966); *Withrow v. Woozencraft,* 90 N.M. 48, 559 P.2d 425 (Ct.App.1977), cert. denied, 90 N.M. 255, 561 P.2d 1348 (1977); *First Nat. Bk., Albuquerque v. Nor-Am Agr. Prod., Inc.,* 88 N.M. 74, 537 P.2d 682 (Ct.App.1975).

"It is firmly established in this jurisdiction that summary judgment is properly granted only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Archie v. Smith,* 78 N.M. 548, 434 P.2d 73 (Ct.App.1967), cert. denied, 78 N.M. 627, 435 P.2d 1009 (1967).

Plaintiffs contend that there are genuine issues of fact remaining regarding breach of contract which preclude a summary judgment. The basic issues of material fact involved here turn upon Devlin's authority to create a contract of settlement between plaintiffs and the insurance company.

▮ Several other questions of fact enter into this question: whether Devlin, as the defendant's agent, offered plaintiffs $20,162.46 in settlement of plaintiff's claims, or, in the alternative, whether he received such an offer from plaintiffs which he accepted on behalf of his principal; whether Devlin had the authority to authorize the contractor to repair the damage caused to plaintiffs' property; and whether he, in fact, so authorized the repair.

"In deciding a summary judgment motion, the court must view the matters presented and considered by it in the most favorable aspect they will bear in support of the right to a trial on the

issues, and *all reasonable inferences must be construed in favor of the party against whom the summary judgment is sought. . . ."* [Emphasis added].

*Jacobson v. State Farm Mutual Automobile Ins. Co.,* 81 N.M. 600, 471 P.2d 170 (1970).

We will summarize the facts disclosed by the pleadings and supporting affidavits construing all reasonable inferences in favor of the plaintiffs.

Plaintiffs' supporting affidavits raise the issue of Devlin's authority. Plaintiffs' supporting affidavits state: that Devlin asked them to prepare a list of destroyed property; that Devlin told plaintiffs that defendant would pay $20,162.46 if they would reduce their claim for lost livestock; that Devlin told them there would be no trouble paying their claim as reduced; and that Devlin sent the contractor to plaintiffs' premises and authorized the repairs. Plaintiffs further state in their affidavits that LaCroix of the home office, told plaintiffs that payments would be made.

The defendant argues that Devlin and T–B–L were only employed to investigate the claim and had no authority to bind the defendant. The defendant further argues that Devlin only had authority to settle for $7,500.00 and denies any authority of its agent to allow any repairs to be made. The original affidavit of the contractor denied that he was authorized by Devlin, but he later contradicted himself in another affidavit.

An issue of authority whether actual or apparent is usually one of fact. *Pribble v. Aetna Life Insurance Company,* 84 N.M. 211, 501 P.2d 255 (1972); 3 Couch on Insurance 2d, § 26.68.

We are unwilling to rule on whether Mr. Devlin had or did not have actual or apparent authority as a matter of law. Based upon the record before us, genuine issues of fact exist relating to Devlin's and T–B–L's authority to bind the defendant in a settlement with the plaintiff.

Since we conclude that the prior judgment (87 N.M. 19, 528 P.2d 663) does not bar the present action and that there are genuine issues of material fact regarding a possible breach of contract, the summary judgment must be reversed.

Summary judgment is reversed and the cause is remanded for proceedings consistent with this opinion.

IT IS SO ORDERED.

HERNANDEZ, J., concurs.

SUTIN, J., specially concurring.

SUTIN, Judge (specially concurring).

I specially concur.

Judge Lopez' opinion decides that plaintiffs' present action is not barred because res judicata, collateral estoppel, satisfaction of judgment, merger and election of remedies, being defenses raised by United Service Automobile Association (United), are not effective. United's claims are affirmative defenses to plaintiffs' claim for relief. Section 21-1-1(8)(c), N.M.S.A., 1953 (Repl. Vol. 4). They are not issues on this appeal.

In the order that sustained United's motion for summary judgment, the trial court found:

1. That the motion of defendant United Service Association is well taken and should be granted.

Here, again, we have no knowledge of the reasons why the summary judgment was granted. Plaintiffs point to five hotly disputed questions of fact. If these issues of fact had been presented to the trial court in oral argument, with requested findings submitted, and findings made, it would have assisted this Court on the precise issues involved in this appeal. Constant repetition of this advice has been ineffective because the Supreme Court arbitrarily decided that findings are unnecessary when summary judgment is entered. *Garrett v. Nissen Corporation,* 84 N.M. 16, 498 P.2d 1359 (1972). This does not mean, however, that a district judge is denied the right to state the reasons for granting summary judgment. This is not done because district judges feel secure in silence.

In civil cases, a proceeding to obtain summary judgment is perfunctory. A motion is filed, arguments are made, judgment is entered and an appeal taken. The record is silent on the entire proceedings that ended in final judgment. Silence is Not Golden. A trial judge should lay his cards on the table. Appellate courts should do the same. A record of the hearing should be taken and presented to this Court on appeal. It is a serious matter because summary judgment throws a party out of court. On appeal, in the absence of a record, we are told what the hotly contested issues of fact were below, what arguments were made, what comments were made by the court and the basis upon which the entry of the final judgment was made. We should be given the tools with which to complete the job.

In my opinion, a final summary judgment is equivalent to a final judgment entered by the trial court in a case heard without a jury. Rule 52(B) of the Rules of Civil Procedure [21-1-1(52)(B), N.M.S.A.1953 (Repl. Vol. 4)] should be followed. On review, this Court will not have to search a haystack for a needle. "He who must search a haystack for a needle is likely to end up with the attitude that the needle is not worth the search." *Brown v. Allen,* 344 U.S. 443, 537, 73 S.Ct. 397, 425, 97 L.Ed. 469 (1953), Justice Jackson, concurring.

On appeal, if we know precisely what the contested issues of fact were below, our review would be a simple undertaking.

All that we know from the final order is "that the *claim, cause of action* and *complaint* of the plaintiffs" were dismissed with prejudice. It sounds like "For plaintiffs, for whom the three bells toll." "A civil action is commenced by filing a complaint with the court." Section 21-1-1(3). For the chameleon like nature of the phrase "cause of action," see *People's Mercantile Co. v. Farmer's Cotton Finance Corp.,* 38 N.M. 237, 31 P.2d 252 (1934).

A. *This Court has jurisdiction of this appeal.*

United's Supplementary Statement of Proceedings uses 12 pages to note lack of jurisdiction to hear this appeal. United's position is based upon procedures that occurred in a *prior* appeal of this case on summary judgment.

On July 12, 1976, the trial court first granted United summary judgment. In the same order, it denied Devlin and T-B-L the right to summary judgment. On July 23, 1976, plaintiffs gave notice of appeal. On September 27, 1976, plaintiffs filed their brief in chief. On October 1, 1976, United filed a motion to dismiss the appeal. One of the points raised was:

> To dismiss, as otherwise non-appealable because the Order did not then include the magic words "there is no just reason for delay." Section 21-1-1(54)(b)(1), N.M.S.A.1953 (Repl. Vol. 4, 1975 Supp.).

Plaintiffs failed to call to this Court's attention that Rule 54(b)(2), not 54(b)(1), supra, was applicable; that the magic words were not necessary where multiple parties were involved. Nevertheless, this Court on October 15, 1976 erroneously granted United's motion to dismiss the appeal for lack of jurisdiction, citing in support thereof, *Marquez v. Wylie,* 78 N.M. 544, 434 P.2d 69 (1967). *Marquez* was not in point. It did not involve Rule 54(b). This case was remanded to the district court. This Court erred in dismissing the first appeal.

The mandate provided that "the cause is remanded to you for any further proceedings consistent with said decision." On remand, the case below rested in the district court in the same position it had prior to the first appeal—with an appealable order that was held non-appealable.

On October 21, 1976, shortly after receipt of this Court's Mandate, plaintiffs filed a motion in the district court to amend the order to include the magic words. On March 14, 1977, the trial court in its discretion granted the motion, and on the same day entered the amended order from which this appeal was taken. This Court has jurisdiction to hear this "final" order on the merits.

United asserts that it objected to the order that granted plaintiffs' motion to

amend the "unappealable order." This does not appear of record. However, we accept United's assertion that it objected. This probably caused a delay of five months in the entry of the "final" order from which this appeal was taken.

United now contends that a delay of eight months from the date of the original order, *"simply as an accommodation to appellants herein, represents an abuse of discretion of the trial court."* Such a contention offends the conduct and reputation of the district judge. We need only turn to a maxim of reverence: "De Fide et Officio Judicis non recipitur Quaestio, sed de Scientia sive sit Eror Juris sive Facti." ("The bona fides and honesty of purpose of a judge cannot be questioned, but his decision may be impugned for error of law or of fact.") Broom, Selections of Legal Maxims, 60 (5th Am.Ed.1864). United questions the purpose of the district judge in allowing plaintiffs to amend even though the district judge awarded it summary judgment.

United's cited authority holds that where the appeal is dismissed, and for three months, plaintiffs made no effort to obtain a Rule 54(b) determination, the making of a determination and entry of judgment one year after the entry of the order appealed from, is an abuse of discretion. *Schaefer v. First Nat'l Bank of Lincolnwood,* 465 F.2d 234 (7th Cir. 1972). This case is not applicable. Plaintiffs were not negligent in seeking an amended order.

*Schaefer* was not followed in *Williams v. City of North Las Vegas,* 91 Nev. 622, 541 P.2d 652 (1975). The court said:

> In the interest of preserving, when justice requires, a litigant's right to "his day in court," we would not set a specific period of time within which one must seek a Rule 54(b) order or lose his right to interlocutory appeal. [91 Nev. at 625, 541 P.2d at 654]

It would be helpful on appeal if the district court would make a brief reasoned statement in support of its determination. We would then be spared, if raised, a determination of whether the trial court abused its discretion in this troublesome piecemeal appeal. *Gumer v. Shearson, Hammill & Co., Inc.,* 516 F.2d 283 (2nd Cir. 1974). "On review, this court may examine whether the district court's conclusion that there was no just reason for delay was an abuse of the trial court's discretion." *United Bank of Pueblo v. Hartford Acc. & Indem. Co.,* 529 F.2d 490 (10th Cir. 1976).

In the instant case, the trial court did not abuse its discretion. It determined that plaintiffs, if allowed, should have the right to pursue their claim against three defendants in one trial.

*B. Summary judgment was erroneous.*

United's lengthy dissertation on the propriety of the summary judgment centers on whether Devlin had express or apparent authority to bind United to a settlement or to authorize repairs to plaintiffs' property. Reliance is had primarily on *Clark v. Foremost Insurance Co.,* 80 N.M. 584, 458 P.2d 836 (1969). *Clark* was not a summary judgment case. Trial was had before the court. "Authority to bind" was an issue of fact. The court found that there was no settlement agreement between Clark and defendant's adjuster due to lack of authority, either actual, implied or apparent on the part of the adjuster to settle with Clark on the basis of the claimed agreement.

In the instant case, an issue of fact exists.