QUENTIN R. and FRANCES M. SCHROEDER, dba CHICKIES HALLMARK SHOPPE, JIM and MARGARET NELSON, dba NELSON ENTERPRISES, Appellants, *v.* ELY CITY MUNICIPAL WATER DEPARTMENT and CITY OF ELY, Respondents.

No. 26663

January 31, 1996                    910 P.2d 260

*Steve L. Dobrescu,* Ely, for Appellants.

*Perry & Spann* and *Brett K. South,* Reno, for Respondents.

## OPINION

*Per Curiam:*

Appellants Quentin R. and Frances M. Schroeder (Schroeder) and Jim and Margaret Nelson (Nelson) owned business buildings adjacent to one another in Ely, Nevada. Because of a leak in the water service line leading up to these buildings, both Schroeder's and Nelson's buildings sustained property damage. The section of the line which leaked was under the control of the respondents City of Ely (Ely) and the Ely Municipal Water Department (Water Department). Both Schroeder and Nelson received water from the Water Department for which they paid a fee. For many years before, Ely and its Water Department had failed to inspect the water lines leading to Schroeder's and Nelson's property.

Schroeder and Nelson filed suit against Ely and its Water Department for failing to properly maintain the water line and for the property damage they sustained. The district court granted summary judgment in favor of Ely and its Water Department and denied Schroeder's and Nelson's cross-motion for summary judgment on the basis that NRS 41.033 provides Ely and its Water Department with immunity from liability. Schroeder and Nelson appeal from that order claiming that the district court erred in granting Ely and its Water Department summary judgment on that basis.

NRS 41.033 provides:

> 1. No action may be brought under NRS 41.031 or against an officer or employee of the state or any of its agencies or political subdivisions which is based upon:
>
> (a) *Failure to inspect* any building, structure, vehicle, street, public highway or other public work, facility or improvement to determine any hazards, deficiencies or other matters, whether or not there is a duty to inspect; or
>
> (b) *Failure to discover such a hazard, deficiency or other matter, whether or not an inspection is made.*

(Emphasis added.)

Summary judgment is appropriate only when no genuine issue of material fact remains for trial and the moving party is entitled to judgment as a matter of law. Shepard v. Harrison, 100 Nev. 178, 179, 678 P.2d 670, 672 (1984); NRCP 56. The only issue

presented on appeal is whether Ely and its Water Department were entitled to judgment as a matter of law pursuant to NRS 41.033. This court's review of an order granting summary judgment is de novo. Walker v. American Bankers Ins., 108 Nev. 533, 536, 836 P.2d 59, 61 (1992).

Schroeder and Nelson argue that they are suing Ely and its Water Department for the failure to *maintain* the water line leading to their property and that NRS 41.033 provides municipal immunity only for the failure to *inspect,* not for the failure to maintain. They further note that the Water Department had an affirmative duty to maintain the city's water lines at the time the damage at issue here occurred. Indeed, as they point out, Rule 103(c)(5) of the Water Department's rules and regulations provides, in part, as follows: "The service connection extending from the water main to the property line and including the curb stop and/or the meter box and yoke *shall be maintained by the Water Department . . . .*" (Emphasis added.)[1]

Contrary to the assertions of Schroeder and Nelson, we do not believe that Rule 103(c)(5) forms a basis for liability here or that it constitutes a waiver of Ely's and the Water Department's immunity under NRS 41.033. We read Rule 103(c)(5) in its most natural sense to mean that the Water Department assumes a duty to maintain (to keep in a state of repair) the water lines outside a property line when it becomes aware of a potential or existing problem. Here, there is no indication that the Water Department knew or should have known of the faulty water line. A public entity has no governmental immunity pursuant to NRS 41.033 only if the public entity had knowledge of a hazard and fails to act reasonably to correct such hazard. Lotter v. Clark Co. Bd. of Commissioners, 106 Nev. 366, 368, 793 P.2d 1320, 1322 (1990). Facts indicating that Ely and its Water Department knew of the hazard or failed to correct it once it became known, thus constituting a breach of the Water Department's duty to maintain its water lines, are not alleged in the instant case.

Because there are no facts from which to conclude that Ely and its Water Department failed to maintain the water line leading to Schroeder's and Nelson's property after the leak was discovered,

---

[1]Schroeder and Nelson also claim that other Water Department rules and regulations demonstrate that the Water Department assumes liability for leaks outside the property line. These rules basically state that the Water Department is not liable for damages from broken or damaged pipes inside a property line. Schroeder and Nelson infer from these rules that the Water Department thereby assumes liability for all damages from broken or damaged pipes outside the property line.

Schroeder's and Nelson's claim for relief that Ely and its Water Department failed to maintain the water line could only be viewed by the district court as a claim based on Ely's and the Water Department's failure to *inspect* the water line. NRS 41.033 clearly provides that municipalities such as Ely are immune from liability for the failure to inspect water lines. Thus, the district court was correct in granting Ely and its Water Department summary judgment pursuant to NRS 41.033. *See* Fischmann v. City of Henderson, 92 Nev. 659, 556 P.2d 923 (1976).

Had Ely and its Water Department wanted to waive their immunity under NRS 41.033, they could have done so by clearly stating that they would *inspect* their water lines. They did not do so. But even under that circumstance, it is questionable whether Ely and its Water Department would be liable given that immunity attaches pursuant to NRS 41.033 "whether or not there is a duty to inspect."

Schroeder and Nelson also assert that government immunity should not apply because the maintenance of water lines is an operational and not a discretionary act. They cite Andolino v. State of Nevada, 97 Nev. 53, 624 P.2d 7 (1981). *Andolino* is clearly distinguishable because it was decided under a completely different statute. NRS 41.032 provides certain state officials and subdivisions with immunity from liability for discretionary functions.[2] Whether the Ely Water Department's maintenance of water lines is discretionary or operational is irrelevant given that immunity was provided for in this case under NRS 41.033, not NRS 41.032.

Finally, Schroeder and Nelson contend that they are in a "special relationship" with Ely and its Water Department because of the Water Department's rules and regulations and that this special relationship defeats immunity, citing Williams v. City of North Las Vegas, 91 Nev. 622, 541 P.2d 652 (1975) and Charlie Brown Constr. Co. v. Boulder City, 106 Nev. 497, 797 P.2d 946 (1990). We disagree. It is apparent from the language in *Williams* that this court's decision was based on the fact that the ordinance at issue was the embodiment of the agreement between

---

[2]NRS 41.032 provides in relevant part:

> [N]o action may be brought under NRS 41.031 . . . against . . . an officer or employee of the state or any of its agencies or political subdivisions which is:
>
> . . . .
>
> 2. Based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of the state or any of its agencies or political subdivisions . . . whether or not the discretion involved is abused.

the city and the power company rather than the product of legislative deliberation. *Williams,* 91 Nev. at 626, 541 P.2d at 655. Thus, the liability in *Williams* stemmed from a contractual "special relationship." In the instant case, the Water Department's rules and regulations are not the embodiment of any contract with Schroeder and Nelson or any other party. The rules and regulations are the result of policy decisions embraced by Ely and its Water Department as governmental entities. Since the rules and regulations are not the result of any contractual relationship with Schroeder and Nelson or any third party, this court's holding in *Williams* is inapposite, and Schroeder and Nelson's reliance thereon is misplaced.

*Charlie Brown* is also not persuasive here. In *Charlie Brown,* the issue before this court was what cause of action, if any, was created by the city's failure to follow and enforce its own mandatory ordinance, the only apparent purpose of which was to protect subcontractors and enable them to obtain payment from the developer. *Charlie Brown,* 106 Nev. at 505, 797 P.2d at 951. In its decision, this court reaffirmed its adherence to the general rule that municipalities or governmental agencies are not liable for the failure to enforce ordinances or for a dereliction of duties where the ordinance generally benefits the public at large. *Id.* at 505, 797 P.2d at 950. However, this court held that an exception to the general rule of non-liability exists when there is some special relationship between the governmental agency and a particular individual or class of individuals. *Id.* at 505, 797 P.2d at 951. This court concluded that the "special relationship" exception was applicable because the ordinance was designed to benefit a particular class, i.e., subcontractors, and therefore, the city was not immune from suit. *Id.* at 506, 797 P.2d at 951.

No such special relationship exists between Ely and its Water Department and Schroeder and Nelson. Particularly, the rule that states that the Water Department has a duty to maintain the water service lines is designed to benefit all of the residents of Ely since all Ely residents receive water service from the Water Department; accordingly, the rules and regulations are not designed to protect one particular class of individuals as in *Charlie Brown.*

For the foregoing reasons, Ely and its Water Department were entitled to summary judgment pursuant to NRS 41.033, and thus, we affirm the district court's order.